IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BABY BOY HOWARD         §
(BOP Register No. 48824-039),   §
                    §
       Plaintiff,         §
                    §
V.                     §         No. 3:16-cv-2806-D-BN
                    §
CHIEF U.S. MARSHAL, ET AL.,   §
                    §
       Defendants.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Baby Boy Howard, a federal inmate proceeding *pro se*, has filed a civil

action for monetary damages against various federal officials, including the Director

of the Federal Bureau of Prisons (the "BOP")'s Designation and Sentence Computation

Center (the "DSCC"), located in Grand Prairie, Texas, within the Northern District of

Texas. United States District Judge Sidney A. Fitzwater has referred this action to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C.

§ 636(b) and a standing order of reference.

On November 14, 2016, the undersigned entered findings of fact, conclusions of

law, and a recommendation that the Court should dismiss this action with prejudice

to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions

are met. *See* Dkt. No. 8. That recommendation was withdrawn on December 13, 2016,

*see* Dkt. No. 11, after Howard filed motions construed as (1) requesting relief from the

order granting his motion for leave to proceed *in forma pauperis* ("IFP"), imposed under

-1-

the Prison Litigation Reform Act of 1996 (the "PLRA") and requiring that Howard pay the entire filing fee of $350.00, *see* Dkt. No. 9; *see also* Dkt. Nos. 4, 6, & 7, and (2) requesting that this action be dismissed with prejudice, *see* Dkt. No. 10.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should note that Howard dismissed this action with prejudice upon the filing of his notice but deny Howard's request that he be relieved from the full-filing-fee obligation imposed by the PLRA.

## Legal Standards and Analysis

Howard's signed Motion to Withdraw Civil Action [Dkt. No. 10], submitted before service of his complaint, should be construed as a self-effectuating notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), *see, e.g., Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-2434-N-BN, 2016 WL 5871327, at *2 (N.D. Tex. Oct. 6, 2016) ("A proper Rule 41(a)(1)(A)(i) 'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (in turn quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)); internal quotation marks omitted)).

Rule 41(a)(1) provides that the effect of such a notice is "dismissal ... without prejudice .... [u]nless the notice or stipulation states otherwise." FED. R. CIV. P. 41(a)(1)(B). Here, the notice does state otherwise – twice. *See* Dkt. No. 10 ("Plaintiff now shows his desire to dismiss all action[s] against the defendants with a court order

stating his voluntary dismissal of these actions *with prejudice*.... Plaintiff requests this Honorable Court to Grant his request to withdraw from this action *with prejudice*." (emphasis added)). Therefore, "[b]ecause the substance of the joint stipulation satisfies Rule 41(a)(1)(A)(i), [Howard's] dismissal with prejudice was effectuated." *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-00132-DMB-JMV, 2015 WL 4041657, at *2 (N.D. Miss. July 1, 2015) (citations omitted)).

But, to the extent that Howard seeks to condition his voluntary dismissal with prejudice on the Court's excusing the filing fee required by the PLRA, *see* Dkt. No. 9, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal," *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015); *see also Leaston v. UMASS Corr. Health Care*, Civ. A. No. 14-12785-GAO, 2015 WL 4249127, at *2 (D. Mass. July 14, 2015) ("The PLRA has 'change[d] the meaning of *in forma pauperis*' for prisoners. *Wooten v. District of Columbia Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid 'up-front' or whether the fee may be paid in installments through the inmate's prison account. *McGore*, 114 F.3d at 604. 'Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section

1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.' *Id.* at 607." (internal citation modified)).

## Recommendation

The Court should note that Howard dismissed this action with prejudice upon the filing of his notice, *see* Dkt. No. 10, but deny Howard's request that he be relieved from the full-filing-fee obligation imposed by the PLRA, *see* Dkt. No. 9.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE